■ In the Matter of the Claim of NICHOLAS SILLITTO, Respondent, v. E. J. MEYER MEMORIAL HOSPITAL, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board which affirmed an award to the claimant. The appellant contends that the accident to the claimant did not arise out of and in the course of his employment. The claimant was employed by the County of Erie at the E. J. Meyer Memorial Hospital, a charitable institution maintained by the county. In 1961 the recreational supervisor of the county caused to be organized a county softball league for county employees only and composed of teams from the various departments of the county. The county appropriated about $1,000 yearly for league expenditures and from such fund it supplied the items of equipment necessary for such sport; bats, soft balls, catchers' masks, bases and provided for game umpires. After about three years the league was opened to include three teams of governmental employees outside of the county group., It appears that the recruitment of players was up to the employees themselves and that the only supervision by the county of the sport was in regard to helping the teams set up schedules for games and league organization which resulted from conferences between the recreational supervisor of the county and the manager of each of the competing teams. There was no monetary reward to the employees for becoming players and participation was not allowed during working time. However, it appears that the supervising personnel of the claimant's place of work encouraged the activity by giving coverage in its bi-weekly news bulletin of the team schedule, the game write-ups, urging employees' support for the team and by permissive participation in the conduct of a raffle by the employees to raise funds for uniforms. The county had the authority to halt the program. It is claimed, *inter alia*, that there was not any business advantage of benefit to the employer. (See *Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468.) However, this is not the sole test as to whether or not the sport has such a connection with the employment as to support an award of compensation. (See *Matter of Rafti* v. *Merrill Lynch, Pierce, Fenner & Smith*, 20 A D 2d 592, affd. 15 N Y 2d 497.) Presently there is testimony that the league was organized as a project of the County Recreation Department and was to provide recreation for county employees and to try to engender in the employees a sense of belonging. Additionally, the board found the team was sponsored and financially supported by the County of Erie and it had the power to terminate the league's activities. (See *Matter of Tedesco* v. *General Elec. Co.*, 305 N. Y. 544, 550; *Matter of Rafti* v. *Merrill Lynch, Pierce, Fenner & Smith, supra.*) The record contains sufficient evidence to sustain the board's decision. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.